```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
               Plaintiff,       )
                                )
     v.                         )    No.  08 C 352
                                )
IRENE MIKIEWICZ,                )
                                )
               Defendant.       )
```

MEMORANDUM ORDER

Irene Mikiewicz ("Mikiewicz") has just filed a 28 U.S.C. §2255 ("Section 2255") motion to vacate or set aside the sentence that this Court imposed on her following her October 2, 2001 guilty plea--a plea that resulted in a sentence of one day in custody followed by eight months of home confinement. Entirely apart from any question as to the substantive validity of her claim, which will be dealt with a bit later in this memorandum order,[1] Mikiewicz' motion is hopelessly out of time--and her counsel has to know that (see 28 U.S.C. §2255 ¶6, which prescribes a one-year limitation period for any such motion).

On that score Motion ¶9 asserts that Mikiewicz has been removed from the United States as a result of her guilty plea,

---

[1] Although Mikiewicz' Motion ¶7 refers to a portion of the plea colloquy as having been attached as its Ex. A, no such attachment is included in the copy of Mikiewicz' electronic filing printed out by this Court's minute clerk. Accordingly this Court had its court reporter go back to search out the tape recording of the plea proceeding, and this Court has listened to the portion of the proceeding in which this Court explained the nature of the charge against Mikiewicz and then had her state in her own words what she had done in that respect.

although no particulars are provided in that respect as to how--or perhaps more importantly, when--that took place. That circumstance, however, would not operate to toll the limitation period in any event (contrast the type of government action described in 28 U.S.C. §2255 ¶6(2), which could give rise to some tolling).

Even apart from that untimeliness factor, which would alone justify dismissal of Mikiewicz' motion (at least upon the United States' inevitable motion for such dismissal), this Court's review of the tape recording of the plea colloquy (see n.1) reveals a total lack of merit in Mikiewicz' claim. In candor, the brief conclusory statement in that regard that is contained in the motion is entirely misleading. It was rather this Court that, concerned lest Mikiewicz' conduct might have been merely negligent rather than criminal, specifically raised that issue and probed that subject at length (indeed, it explained the distinction to Mikiewicz in detail, including reading aloud the ostrich instruction regarding "knowledge" that had been given in the trial of Mikiewicz' codefendants). After that detailed inquiry and explanation, Mikiewicz <u>expressly</u> confirmed that she had the requisite knowledge to establish criminal liability, and only then did this Court accept her guilty plea. Under the circumstances Mikiewicz (and her counsel) cannot in good conscience ascribe unconstitutionally flawed representation to

her trial counsel.

Accordingly there is more than one basis for rejection of Mikiewicz' motion, and there is no need to await a dismissal motion by government counsel (see Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts). Because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief" (id.), the motion is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date:  January 25, 2008